IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DOROTHY M. HENSON,          :

    Plaintiff,               :

vs.                         :        CA 05-0127-C

JO ANNE B. BARNHART,        :
Commissioner of Social Security,
                            :
    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits and supplemental security income prior to April 19, 2001.[1] The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. 636(c), for all proceedings in this Court. (*See* Doc. 22 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case . . . and order the entry of a final judgment, and

---

[1] Plaintiff does not appeal that portion of the ALJ's decision regarding her disability due to multiple sclerosis as of April 19, 2001. (*See* Tr. 18)

conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's proposed report and recommendation, the Commissioner's proposed report and recommendation, and the parties' arguments at the November 15, 2005 hearing before the Court, it is determined that the Commissioner's decision denying plaintiff benefits between April 18, 1999 and April 18, 2001 should be reversed and remanded for further proceedings not inconsistent with this decision.[2]

Plaintiff alleged disability, as of April 18, 1999, due to back pain, degeneration in the thoracic spine, prior herniated disc, swelling in her hands, feet and legs, leg cramps, weakness in her hands, nausea and vomiting, history of congestive heart failure, diabetes, headaches, obesity, depression and anxiety. The Administrative Law Judge (ALJ) made the following relevant findings:

> 1. The claimant has not engaged in substantial gainful activity at any time since the alleged onset date.
>
> 2. The claimant has a combination of impairments considered "severe" based on the requirements in 20 CFR § 404.1520(b) and 416.920(b).
>
> 3. The claimant's impairments, when considered individually and in combination, do not meet or medically equal one of the

---

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 22 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

listed impairments in 20 CFR § 404, Subpart P, Appendix 1.

4. The claimant's allegations of disabling symptoms and limitations are not credible with respect to the period prior to April 19, 2001 for the reasons discussed in the body of this decision and that of the determination rendered on August 18, 2000. However, since April 19, 2001, the claimant's allegations are substantiated by objective evidence and physician opinions, and can be considered credible.

5. After carefully considering the entire record, including the claimant's allegations of disabling symptoms and limitations, a finding is warranted that prior to April 19, 2001, the claimant's medically determinable impairments do not prevent her from performing light work activity. Since April 19, 2001, the claimant's condition has significantly deteriorated, she has been formally diagnosed with multiple sclerosis and her ability to perform sedentary work has been substantially eroded.

6. Prior to April 19, 2001, the claimant possessed the residual functional capacity to perform her past relevant work as a seafood worker. Since April 19, 2001, the claimant has been unable to perform her past work.

7. The claimant is a "younger person" with a "limited education."

8. Transferability of work skills is not an issue due to the claimant's significantly reduced functional capacity.

9. As of April 19, 2001, the severity of the claimant's impairments has reduced her functional capacity to a point where no work exists in significant numbers in the national economy which she can perform on a regular and sustained basis at an acceptable level of performance.

10. The claimant has been under a "disability" since April 19, 2001, but not prior to that date, for purposes of the Social Security Act.

(Tr. 17-18)   The Appeals Council affirmed the ALJ's decision (Tr. 6-8A) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).   In evaluating whether the claimant has met this burden, the examiner must consider the following four factors:   (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history.   *Id*. at 1005.   Once the claimant meets this burden, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy.   *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits prior to April 19, 2001, on the basis that she can perform her past work as a seafood worker, is supported by substantial evidence.   Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.   *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420,

28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, the plaintiff contends that the ALJ made the following errors: (1) he failed to address all relevant medical opinion evidence of record, specifically Dr. Victoria Parada's June 6, 2002 opinion; (2) his residual functional capacity finding from the date of onset of disability to April 19, 2001 is not based on substantial evidence; and (3) he erred in failing to obtain vocational expert testimony pertinent to the relevant time period. Because the ALJ erred to reversal in failing to consider the import of Dr. Parada's opinion, the undersigned need not consider the other issues raised by plaintiff. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

On August 9, 2001, plaintiff's treating physician, Dr. Victoria Parada, completed a physical capacities evaluation on plaintiff which established plaintiff's inability to perform any work. (Tr. 264 ("Pt with multiple sclerosis[,] currently exacerbated, needs total home rest and unable to perform any physical activity.")) It is apparent that at the conclusion of Henson's supplemental

hearing on May 30, 2002, the ALJ granted plaintiff's counsel an extension of time to re-contact Dr. Parada and "request her medical opinion regarding the length of time that Ms. Henson had been experiencing the physical limitations indicated on her assessment dated August 9, 2001." (Tr. 337) On June 6, 2002, Dr. Parada completed another PCE and thereon made the identical findings to those made on August 9, 2001 (*compare* Tr. 338 *with* Tr. 264); however, in the remarks section Dr. Parada indicated that Henson's limitations due to "spastic paraperesis directly related to multiple sclerosis involvement of cervical spine, are dated back to 1998 when she developed first symptoms." (*Id*. at 338)

In determining that plaintiff was disabled as of April 19, 2001, but not prior thereto, the ALJ gave no consideration to Dr. Parada's opinion that plaintiff's limitations due to spastic paraperesis related to multiple sclerosis involving the cervical spine date back to 1998 when her first symptoms developed. (*Compare* Tr. 17 *with* Tr. 338) This oversight is obviously important since the ALJ found that plaintiff was capable of performing her past relevant work as a seafood worker from her alleged onset date of April 18, 1999 through April 18, 2001, the next day becoming totally disabled due to multiple sclerosis.

The defendant contends that though it would have been preferable for the ALJ to consider Dr. Parada's June 6, 2002 opinion regarding the onset of plaintiff's limitations, his failure to do so was essentially harmless both because

6

an ALJ need not specifically refer to every piece of evidence in the record, *see Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (in the context of the ALJ's failure to make mention of one pain medication the claimant took, Lortab, the court noted that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision[.]") and because the evidence of record as a whole does not support Dr. Parada's opinion.³ This Court cannot agree with defendant's position, however. While an ALJ might not need to refer to every single piece of evidence in an administrative record, such as every pain medication a claimant takes, *Dyer, supra*, it is the law in this circuit that "the testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary[,]" *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997), and the failure to specify the weight given to such opinion testimony is reversible error, *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). This Court simply will not find that this standard does not cover a treating physician's opinion regarding the length of time a patient has been limited by the symptoms of an incurable, progressive disease like multiple sclerosis, *see, e.g., Wilcox v. Sullivan*, 917 F.2d 272, 277 (6th

---

³ This latter argument takes the Court into a realm where it cannot tread and that is performing the very analysis for which the ALJ is responsible. The ALJ can perform such analysis on remand.

7

Cir. 1990) ("'Multiple sclerosis is an incurable, progressive disease subject to periods of remission and exacerbation.'"); *Cury v. Colonial Life Ins. Co. of America*, 737 F.Supp. 847, 850 (E.D. Pa. 1990) ("There is no cure for multiple sclerosis, and the disease usually follows a slow, progressive course marked by a history of exacerbations and remissions."), particularly where it is clear that such evidence is of utmost importance in establishing the onset of this type of disease, *Grebenick v. Chater*, 121 F.3d 1193, 1199 (8th Cir. 1997) ("In a case involving a degenerative disease such as multiple sclerosis, where a claimant does not have contemporaneous objective medical evidence of the onset of the disease, the ALJ must consider all of the evidence on the record as a whole, including the lay evidence and the retrospective conclusions and diagnosis of her doctor."); *cf.* SSR 83-20 ("With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. Determining the proper onset date is particularly difficult, when, for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available. In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process."). Accordingly, this Court finds that the ALJ committed reversible error in failing to analyze Dr. Parada's June 6, 2002 opinion and its impact on

the onset of plaintiff's multiple sclerosis. This cause is remanded to the Commissioner of Social Security for further consideration not inconsistent with this decision.

## CONCLUSION

The Court **ORDERS** that the decision of the Commissioner of Social Security finding plaintiff not disabled prior to April 19, 2001 be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 17th day of November, 2005.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**