IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DOROTHY M. HENSON,              :

    Plaintiff,                :
vs.                                                 CA 05-0127-C
                                               :
JO ANNE B. BARNHART,
Commissioner of Social Security, :

    Defendant.

## MEMORANDUM OPINION AND ORDER

This cause is before the Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, on plaintiff's application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 26) Upon consideration of all pertinent materials contained in this file, it is determined that plaintiff should receive a reasonable attorney's fee in the amount of $1,825.00 under the EAJA for legal services rendered by her attorney in this Court and litigation expenses of $36.50, for a total EAJA award of $1,861.50.

## FINDINGS OF FACT

1.    On November 17, 2005 this Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security

pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Doc. 24; *see also* Doc. 23)

2. The application for attorney's fees under the EAJA was filed on January 20, 2006 (Doc. 26), some sixty-four (64) days after entry of final judgment (*compare id. with* Doc. 24). In the application, plaintiff requests attorney's fees in the amount of $1,825.00 to compensate her attorney for the time spent representing her before this Court as of the date of the filing of the fee application and litigation expenses of $36.50. (*See* Doc. 26)

3. The Commissioner of Social Security filed a response to plaintiff's EAJA fee application on February 21, 2006, and therein claims that her position in this litigation was substantially justified. (*See* Doc. 28)

## **CONCLUSIONS OF LAW**

1. The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

2. The Commissioner contends that her position regarding Dr.

Victoria Parada's opinion that plaintiff's limitations due to spastic paraparesis related back to 1998 was substantially justified. (Doc. 28, at 3-4) Specifically, the defendant contends that there was a reasonable basis in law and fact for the Commissioner's position that plaintiff's multiple sclerosis symptoms did not relate back to 1998 because Dr. Parada's opinion was conclusory and without support in the record such that the determination that plaintiff's onset of disability was April 19, 2001 was supported by substantial evidence. (*See id.*) This reiteration of the defendant's previously-rejected harmless error argument (*see* Doc. 23) is really beside the point inasmuch as it was a clear error of fact and law for the ALJ to wholly fail to consider Parada's opinion particularly in light of the evidence of record which establishes that "the ALJ granted plaintiff's counsel an extension of time to re-contact Dr. Parada and 'request her medical opinion regarding the length of time that Ms. Henson had been experiencing the physical limitations indicated on her assessment dated August 9, 2001.'" (*Id.* at 6, quoting Tr. 337) State differently, this Court is of the opinion that there was no reasonable basis in law or fact for the ALJ to ignore the supplemental opinion of a treating physician which related plaintiff's multiple sclerosis symptoms and limitations attendant thereto back to 1998 particularly since the ALJ was on notice that such supplemental opinion was

to be supplied by the treating physician. *See Pierce v. Underwood*, 487 U.S. 552, 566 n.2, 108 S.Ct. 2541, 2550 n.2, 101 L.Ed.2d 490 (1988) ("[A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."). Accordingly, the Court rejects the Commissioner's argument that her position in this case was substantially justified.

3. The Commissioner makes no argument that plaintiff is not a prevailing party under the EAJA (*see* Doc. 28);[1] therefore, the Court focuses its attention on other matters.

4. The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty-day clock did not begin to run in this case until this Court's reversal and remand order of November 17, 2005 became final, which occurred at the end of the sixty (60) days for appeal provided under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, *see Shalala v. Schaefer,* 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993), that is, January 16, 2006. The application filed in this case, bearing a date of

---

[1] "[A] party who wins a sentence-four remand order is a prevailing party." *Shalala v.Schaefer*, 509 U.S. 292, 302, 113 S.Ct.2625, 2632, 125 L.Ed.2d 239 (1993).

January 20, 2006, is timely since it was filed within thirty days of January 16, 2006.

  5.  The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Watford v. Heckler,* 765 F.2d 1562, 1568 (11th Cir. 1985) (EAJA), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)(§ 1988); *see Jean v. Nelson*, 863 F.2d 759, 772-773 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), *aff'd sub nom. Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the

> skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley, supra,* 461 U.S. at 433-434, 103 S.Ct. at 1939-1940 (citations omitted); *see also id.,* at 437, 103 S.Ct. at 1941 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir.1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."); *Norman v. Housing Authority,* 836 F.2d 1292, 1301 (11th Cir. 1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours

spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.").

6. In *Norman, supra,* the Eleventh Circuit indicated that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." 836 F.2d at 1306.

7. The defendant takes the sole stance that her position in this case was substantially justified, making no argument that the amount of time spent by plaintiff's counsel on tasks in this case was unreasonable. This Court has reviewed the itemized list of legal services submitted by plaintiff's counsel and determines that plaintiff's counsel reasonably spent 14.6 hours on legal tasks in this case.

8. With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for

> the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum.Supp. 1997).

    9.    In *Meyer v. Sullivan*, 958 F.2d 1029 (1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

*Id.* at 1033-1034 (citations and footnote omitted).

    10.    The prevailing market rate in the Southern District of Alabama has been raised to $125.00 per hour. *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C; *Boggs v. Massanari*, 00-0408-P-C; *Boone v. Apfel*, CA 99-0965-CB-L. Because the market rate is not greater than the statutory rate of $125.00

per hour, the Court need not reach the second step set out in the *Meyer* case.

      11.    In consideration of the foregoing, the plaintiff should be awarded an attorney's fee in the amount of $1,825.00 under the EAJA for the 14.6 hours her attorney spent performing work traditionally performed by attorneys in social security cases.

      12.    Plaintiff also seeks reimbursement for certain expenses of litigation totaling $36.50. (*See* Doc. 26, Expenses) Litigation expenses are compensable under the EAJA provided they are "'necessary to the preparation of the [prevailing] party's case.'"*Jean, supra,* 863 F.2d at 778, quoting 28 U.S.C. § 2412(d)(2)(A). "'[E]xpenses of an attorney that are not incurred or expended solely or exclusively in connection with the case before the court, or which expenses the court finds to be unreasonable or unnecessary in the pending litigation, cannot be awarded under the EAJA.'" *Id.*, quoting *Oliveira v. United States*, 827 F.2d 735, 744 (Fed.Cir. 1987). "[A] breakdown of expenses [is] necessary in order to determine the reasonableness of the charges." *Naporano Iron & Metal Co. v. United States*, 825 F.2d 403, 404 (Fed. Cir. 1987). Pierce's schedule of expenses reflects a specific breakdown of charges for copying, postage, and telephone expenses; therefore, the undersigned finds that plaintiff should be awarded $36.50 in litigation

expenses.

## **CONCLUSION**

The Court **ORDERS** that plaintiff be awarded attorney's fees in the amount of $1,825.00 under the Equal Access to Justice Act, representing compensation for 14.6 hours of service by Wendy A. Pierce, Esquire, at the market rate of $125.00 an hour, and litigation expenses of $36.50; the total award due and owing plaintiff is $1,861.50.

**DONE** and **ORDERED** this the 22nd day of February, 2006.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**